IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,945-01






EX PARTE JUAN JAVIER MIRANDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001-CR-246-C IN THE 197
TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty
years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he (1) failed to 
investigate Applicant's competency and request a competency hearing; (2) advised Applicant that he could
not testify and that his only choice was to plead guilty and accept the State's offer of forty years; (3) failed
to object when Applicant testified that he had not been treated for mental illness; (4) represented to the trial
court that Applicant had not been treated for mental illness; and (5) failed to interview "Jeremy," a defense
witness, and other witnesses who knew that Applicant was not mentally competent. Applicant also
contends that his mental illness rendered his guilty plea involuntary.

 On November 20, 2007, the trial court signed an order instructing counsel to submit an affidavit.
This application was then forwarded to this Court, but without findings of fact and conclusions of law. We
believe that this application was prematurely forwarded to this Court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of trial counsel was
deficient and, if so, whether Applicant was prejudiced. The trial court shall also make findings of fact as
to whether Applicant's plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: December 19, 2007

Do not publish